**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **JOHN H. KITCHINGS, JR.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-19-3374 |
| **INTEGRAL CONSULTING SERVICES, Inc.** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On November 25, 2019, Plaintiff John Kitchings commenced this lawsuit by filing a six-count complaint against Integral Consulting Services, Inc. ("Integral"), Abhai Johri, and Renu Johri, (collectively "Defendants"), for alleged violations of various statutes, including (1) the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601; (2) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131; (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981a and 42 U.S.C. § 2000e *et seq.*; (4) Title VII and the ADA for Reprisal for Engaging in Protected Activities; (5) The Rehabilitation Act of 1973, 29 U.S.C. § 710 *et seq.*; and, again, (6) Title VII, the ADA, and the Rehabilitation Act as those statutes pertain to the prohibition against employers creating a hostile work environment.[1] Compl. 11–14, ECF No. 1. The Defendants responded on April 29, 2020 and requested leave to file a motion to dismiss. Defs.' Pre-Mot. Letter, ECF No. 18. The Court then allowed Mr. Kitchings to amend his complaint to address the deficiencies raised

---

[1] The original complaint is less than clear which causes of action Mr. Kitchings intended to bring; while the introductory paragraph referenced a claim under the Maryland Flexible Leave Act ("MFLA"), the charging paragraphs lack any reference to an MFLA and claim. *Compare* Compl. 1 *with* Compl. 11–14. The amended complaint does not reference the MFLA.

by the Defendants and notified him that if his amended complaint or parts of it were dismissed, "it may be with prejudice." Letter Order ("LO") re: Mot., ECF No. 19. Mr. Kitchings then filed a far lengthier 93-page amended complaint that included the same six causes of action. Am. Compl., ECF No. 27.

Currently pending is Defendants' Motion to Dismiss, ECF No. 35, which the parties fully briefed, ECF Nos. 35-1, 40, 41. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Defendants' motion to dismiss will be GRANTED on Rule 8 grounds.

## **Background**

Mr. Kitchings, proceeding without counsel, filed this lawsuit on November 25, 2019. Compl. His original complaint was sixteen pages and included six causes of action against Defendants alleging violations of the FMLA, the ADA, Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act of 1973. Compl. In response, on April 20, 2020, Defendants requested leave to file a motion to dismiss for insufficient service under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). Defs.' Pre-Mot. Letter. The Defendants argued that Mr. and Ms. Johri were not properly served because they were out of the country when copies of the complaint and summons were left at the reception desk at their place of work. *Id*. Additionally, they argued that Counts 1, 4, 5, and 6 should be dismissed under Rule 12(b)(6), pointing to various deficiencies in Mr. Kitchings's pleading. *Id*. As noted, this Court then issued a letter order permitting the Defendants to file their motion to dismiss, but first allowing Mr. Kitchings the opportunity to amend his complaint. LO re: Mot.

On June 11, 2020, Mr. Kitchings filed an amended complaint. Am. Compl. The Amended Complaint includes the same causes of action as the initial complaint but is 93-pages long,

excluding exhibits. Am. Compl. In response, on July 16, 2020, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 8 and 12(b)(6). Defs.' Mot. Mem.

## Standard of Review

Federal Rule of Civil Procedure Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). Ultimately, Rule 8 is meant to provide the other party with "fair notice of the claim being asserted in order to 'confine discovery and the presentation of evidence at trial within reasonable bounds.'" *Plumhoff v. Cent. Mortg. Co.,* 286 F. Supp. 3d 699, 701 (D. Md. 2017) (quoting *T.M. v. D.C.*, F. Supp. 2d 169, 173–74 (D.D.C. 2013)). And while *pro se* plaintiffs such as Mr. Kitchings are afforded more flexibility, even they need to "state their claims in a[n] *understandable and efficient manner*." *Id.* (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)) (emphasis added). Ultimately, the decision about whether a plaintiff has complied with Rule 8 is left to "the discretion of the trial court." *Plumhoff*, 286 F. Supp. 3d at 702 (quoting *Stone*, 184 F.R.D. at 555).

When a complaint fails to comply with Rule 8, it may be dismissed. *Jianqing Wu v. TrustPoint Int'l*, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (citing *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977)). Additionally, as both this Court and Chief Judge Bredar observed, various circuit courts have affirmed dismissals of complaints for failing to comply with Rule 8 where the complaints included unrelated charges, and were confusing, redundant, and verbose. *Id.*; *Plumhoff,* 286 F. Supp. 3d at 702 (citing *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), *cert. denied*, 411 U.S. 935 (1973) (dismissing a complaint that had "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension"); *Wallach v. City of Pagedale, Missouri*, 359 F.2d. 57, 58 (8th Cir. 1966) (finding that the complaint was

3

"confusing, ambiguous, redundant, vague and, in some respects unintelligible"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) *cert. denied*, 382 U.S. 966 (1965) (finding that the complaint was "so verbose, confused and redundant that its true substance, if any, is well disguised")). And finally, a complaint may be dismissed "as being violative of Rule 8" where it "puts an unjustifiable burden upon the Court and the defendant to determine whether somewhere, 'tucked' betwixt plaintiff's arguments, conclusions and general dissertations, facts sufficient to support a cause of action have been stated over which th[e] Court has subject matter jurisdiction and also jurisdiction over the parties." *Choate v. United States*, 413 F. Supp. 475, 478 (N.D. Okla. 1976).

## **Discussion**

Defendants argue that dismissing Mr. Kitchings's Amended Complaint under Rule 8 is appropriate because the complaint "makes immaterial and scandalous references to alleged incidents." Defs.' Mot. Mem. 8. Some of these references include allegations that Defendants were "'deleting and erasing data of laptops and on the company server while subject to preservation orders,' and 'submitt[ing] false claims to the United States by inflating certain indirect cost rates in connection with work performed on a Department of the Army contract.'" *Id.* (quoting Am. Compl. ¶ 7). Further, the Defendants argue that Mr. Kitchings's Amended Complaint also includes racist and xenophobic allegations, including statements such as "Kitchings had signed on with a 'hostile work environment' where a foreign born naturalized citizen, a tyrant, with no respect for the rule of law or America values, would interfere with and work to deny rights to citizens." *Id.* at 9 (quoting Am. Compl. ¶ 9).

The Defendants also quote portions of Mr. Kitchings's Amended Complaint that do not differentiate among the defendants, including: "Defendants' conduct constitutes unlawful

interference and retaliation against Kitchings in violation of Kitchings' rights under FMLA. 29 U.S.C. Sec. 2615(a)," and "[t]he stated reasons for the Defendants' conduct were not the true reasons, as evidenced in their position statements and the findings of OHR in their Letter of Determination but instead were pretext to hide the Defendants' retaliatory animus."[2] *Id.* at 9–10 (quoting Am. Compl. ¶¶ 147, 185); *see Plumhoff*, 286 F. Supp. 3d at 703 ("[W]hen Plaintiff does refer to the defendants in the instant action he fails to distinguish between the individual defendants or clearly state which defendant he is asserting allegations against.")

Additionally, the Defendants contend that though Mr. Kitchings is a *pro se* plaintiff, he is not an ordinary one because he is an attorney, a fact he does not contest. Defs.' Mot. Mem. 2–3; Pl.'s Resp. 21, ECF No. 40. Therefore, the Defendants argue that Mr. Kitchings should not be given the same advantage of a liberal construction of pleadings that other *pro se* plaintiffs are afforded. *Id.* at 3; *see Kitchings v. Shelton, et al.,* No. 8:17cv882 (D. Md. Jan. 12, 2018) (ECF No. 48 at 5) (finding that the plaintiff, who had been admitted to the bar but suspended, should not be given the same deference as other *pro se* plaintiffs). Further, Defendants state that Mr. Kitchings had sued three previous employers in federal courts in Maryland, Virginia, and the District of Columbia.[3] *Id.* at 1; *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend. But where, as here, the plaintiff has shown that he is no stranger to the courts, having filed seven previous lawsuits akin

---

[2]  The Defendants include eight quotes from the Amended Complaint where Mr. Kitchings does not clarify which Defendants had committed the alleged violations. *See* Defs.' Mot. Mem. 9–10.

[3]  Mr. Kitchings's previous lawsuits include: *Kitchings v. ICF Consulting Group, Inc.,* No. 1:11cv838 (E.D. Va.); *Kitchings v. Computer Sciences Corp.*, No. 1:01cv796 (D. Md.); *Kitchings v. D.C. Dep't of Public Works*, No. 1:90cv2622 (D.D.C.). As Defendants correctly note, Courts may, at the motion to dismiss stage, take judicial notice under Fed. R. Evid. 201 of docket entries or pleadings in other cases. Defs.' Mot. Mem. 1, n.1 (citing *Systems, Inc. v. Friedman*, 215 F. Supp. 3d 440, 443 n.1 (D. Md. 2016)).

to this one, dismissal with prejudice is not inappropriate.") (citing *Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir. 1968); *Johnson v. Hunger*, 266 F. Supp. 590, 591 (S.D.N.Y.1967)). Thus, it is well established that Mr. Kitchings has experience both practicing law in federal court and interpreting the federal rules of civil procedure; he should therefore be acquainted with the requirements of filing a claim in federal court.

On August 13, 2020, Mr. Kitchings filed a brief in response to the Defendants' motion to dismiss. Mr. Kitchings focused his brief on Defendants' Rule 12(b)(6) and 12(f) motions but did not substantively address Defendants' Rule 8 motion to dismiss. *See* Pl.'s Resp. He did, however, acknowledge Rule 8(a)(2)'s requirement that a complaint provide a short and plain statement demonstrating that the pleader is entitled to relief. Pl.'s Resp. 21.

I find that the Defendants' arguments under Rule 8 have merit and warrant dismissal of this case. As noted, Mr. Kitchings's Amended Complaint is anything but simple and concise. *See* Fed. R. Civ. P. 8(e). Rather, it is long and verbose, and includes allegations unrelated to Mr. Kitchings's claims, as well as several inappropriate and offensive comments. *See* Am. Compl.; *Prezzi*, 469 F.2d at 692; *Concoran*, 347 F.2d at 223. For example, Mr. Kitchings' complaint ceaselessly accuses Mr. Johri of being a "tyrant," repeatedly mentions a purported conspiracy among Integral Consulting's executives, and deems individuals against whom he clearly has grievances to have committed perjury on several occasions. *E.g.* Compl. ¶ 9 (referring to Mr. Johri as a foreign born naturalized citizen and a tyrant "with no respect for the rule of law or American values;" referring to the company as a Caste system brought over from India); *id*. ¶ (referring to Mr. Johri as cruel, hostile, lawless, corrupt, and mean, and calling him a "passive aggressive little man . . . whose height is no sign of the level of his greed and evilness"); *id*. ¶ 151 ("Defendants

implement India like [sic] working conditions against Blacks with work-like conditions of their native lands, India.").

Mr. Kitchings's decision to include unrelated allegations and comments lacks a good faith basis, suggesting that it was calculated to "cause unnecessary delay, or needlessly increase the cost of litigation" under Rule 11. Fed. R. Civ. P. 11.[4] Additionally, though Mr. Kitchings is a *pro se* plaintiff, his experience with the law does not afford him the same liberties as other *pro se* plaintiffs. *See Kitchings,* No. 8:17cv882 (ECF No. 48 at 5). It is clear that Mr. Kitchings has experience with court proceedings, based on both his prior cases in federal court and his career experience. *See* Pl.'s Resp. 21; *Brown*, 75 F.R.D. at 498. And even if Mr. Kitchings is afforded the same deference as other *pro se* plaintiffs, *pro se* plaintiffs also need to "state their claims in a[n] understandable and efficient manner." *See Plumhoff,* 286 F. Supp. 3d at 701. Mr. Kitchings, after an opportunity to amend, has failed to adhere to this requirement in his amended complaint. Rather, he has done just the opposite, filing an amended complaint almost six times longer than the original, and one that fails to address the pleading deficiencies noted by the Defendants.

## Conclusion

For all of the above reasons, Mr. Kitchings's amended complaint is dismissed. Additionally, given the fact that Mr. Kitchings had an opportunity to amend his initial complaint properly, dismissal with prejudice is appropriate. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (noting determination of whether dismissal should be with prejudice is within district court's discretion); *Plumhoff*, 286 F. Supp. 3d at 704. A separate order shall issue.

---

[4] In pertinent part, Rule 11 reads "By presenting to the court a pleading . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Date: <u>August 5, 2021</u>                                             <u>        /S/            </u>
                                                                        Paul W. Grimm
                                                                        United States District Judge